UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #17-10189-RWZ

_____

UNITED STATES

v.

ESSAM SAKKAL

_____

**DEFENDANT'S MOTION TO STRIKE
ALLEGED ALIASES FROM INDICTMENT
OR FOR OTHER APPROPRIATE RELIEF**

Essam Sakkal ["Sakkal"], defendant in the above-captioned criminal case, hereby moves this Court to strike his two alleged aliases as set forth in the indictment or order other appropriate relief. As grounds therefore, Sakkal avers as follows:

1. The indictment identifies the defendant as:

   ESSAM SAKKAL
   a/k/a ISSAM SAKKAL
   a/k/a ESAM BZOUL

2. None of the discovery provided by the government to date identifies Sakkal as either "Issam Sakkal" or "Esam Bzoul."

3. Identity is not at issue in this case.

4. It is the settled law of this Circuit that the use of an alias in an indictment and the introduction of alias evidence at trial is permissible if necessary to establish the defendant's identity or important and relevant for some other legitimate purpose. *United States v. Doe*, 741 F.3d 217, 227 (1st Cir. 2013); *United States v. Candelaria-Silva*, 166 F.3d 19, 33 (1st Cir. 1999). At the same time, the Court has recognized that "[i]t is best to avoid the use of an alias particularly where ... there seems to be no relevant purpose for including it in the indictment." *United States v. Cowden*, 545 F.2d 257, 267-268 (1st Cir. 1976). *See also United States v. McFarlane*, 491 F.3d 53, 61 (1st Cir. 2007). This is because, as has long been recognized: "The practice of loading indictments with unnecessary aliases is inherently prejudicial." *United States v. Monroe*, 164 F.2d 471, 476-477 (2nd Cir. 1947). *See also United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972).

5. In the instant case, the use of two alleged aliases associated with Sakkal in the indictment is both unnecessary and unfairly prejudicial. Accordingly, the indictment should be redacted to eliminate those alleged aliases prior to trial. In the alternative, the alleged aliases should not be read to the jury and should not be included in any

copy of the indictment provided to the jury during its deliberations or otherwise disclosed to the jury in any fashion.

Respectfully submitted,

**ESSAM SAKKAL**

By his attorney,

/s/ James L. Sultan
James L. Sultan, BBO #488400
Rankin & Sultan
151 Merrimac Street, 2nd Floor
Boston, MA 02114
(617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 10, 2018.

/s/ James L. Sultan